**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LESLIE R. CARROLL,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY OF CLEVELAND HEIGHTS BUILDING DEPARTMENT, *et al.*,<br><br>DEFENDANTS. | ) | CASE NO. 1:25-cv-00872-MJH<br><br>JUDGE MICHAEL J. HENDERSHOT<br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

Plaintiff Leslie R. Carroll sued the City of Cleveland Heights Building Department and its chief building officer, Eric Elmi, for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA"). This opinion

will refer to the defendants collectively as the "City." Before the Court is the City's motion for judgment on the pleadings, which, for the reasons below, the Court grants.

## I. Background

In July 2024, Carroll, then in her 60s, accepted a work assignment from Robert Half, a temporary employment agency, as a permit technician at the Department. [R.1, at 4, 9-10, 19.] A few days later, the Department offered Carroll a full-time position as a permit technician/office assistant, which she accepted. [*Id.* at 9, 12, 19.] The Department rescinded its offer less than a month later because it believed Robert Half would charge a fee to release Carroll from her employment contract. [*Id.* at 9, 13, 19.]

In October 2024, Elmi and others interviewed Carroll for a different position with the Department. [*Id.* at 19.] Afterward, Carroll sent a follow-up email thanking the panel "for the time [they] spent with [her] at the interview" and conveying her excitement about the prospect of working for the Department. [*Id.* at 14, 19.] An email attached to the complaint shows that Elmi contacted Carroll to schedule a second interview for October 29 at 11:00 a.m. [*Id.* at 14-15.] In her complaint, Carroll alleges that the City never followed up about the position or provided feedback despite her multiple phone calls to Elmi. [*Id.* at 9, 16-17, 19-20.]

Months later, Carroll contacted a former colleague who worked for the Department and asked him if the position she interviewed for had been filled. [*Id.* at 9, 16-17, 20.] He told her that the choice had been between Carroll and a "young girl," with the position going to the other candidate when Carroll did not show up for the

second interview. [*Id.*] Carroll also "noticed that [her] replacement from the previous position [with the rescinded offer] was also a younger woman." [*Id.* at 9.]

Carroll eventually sued, alleging that the City violated the ADEA by failing to hire her, terminating her employment, and making certain "statements." [*Id.* at 4.] The City answered and moved for a judgment on the pleadings. [R. 7, 18.] Carroll filed an opposition and moved for summary judgment twice. [R. 19, 24-25.] The Court (Grimes, Jr., M.J.) denied both motions for summary judgment without prejudice given the pending motion for judgment on the pleadings.

## II. Law and analysis

### A. Standard of review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts review such motions under the same standard used for Rule 12(b)(6) motions to dismiss. *See, e.g.*, *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). This occurs when there is no material issue of fact "and the party making the motion is entitled to judgment as a matter of law." *Id.* (quotation omitted).

One way a party is entitled to judgment as a matter of law is when the complaint fails to plead a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the Federal Rules, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To show such entitlement and survive dismissal, a complaint "'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, a "complaint will be dismissed . . . if the facts alleged are insufficient to state a claim." *Han v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 561–64).

When assessing a complaint for plausibility, courts do not uncritically accept legal conclusions or unwarranted factual inferences masquerading as factual allegations. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010). To state a valid claim, claimants cannot simply allege facts that, if assumed true, merely raise suspicion that a legally cognizable cause of action could be pleaded. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Nor is "a formulaic recitation of the elements of the cause of action" sufficient. *Id.* Rather, "a complaint

must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.*

Turning to procedure, when deciding a motion for judgment on the pleadings, courts "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (discussing a motion to dismiss under Rule 12(b)(6)). Courts must liberally construe complaints "in favor of the party opposing the motion to dismiss." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Finally, as relevant here, courts hold *pro se* litigants to a less stringent standard than what they require of those represented by counsel. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). But "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). It does not require courts to "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Similarly, this lenient treatment does not require courts "to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), or to create a claim for them. *Payne v. Sec'y of the Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *see also Wells*, 891 F.2d at 594.

**B. The Age Discrimination in Employment Act**

The ADEA, among other things, prohibits employers from "fail[ing] or refus[ing] to hire or [from] discharg[ing] any individual or otherwise discriminat[ing]

against any individual . . . because of such individual's age." 29 U.S.C. § 623(a). That is, the Act prohibits disparate treatment on account of age. The ADEA specifically protects those "who are at least 40 years of age." 29 U.S.C. § 631(a). "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009).

**C. Carroll's complaint fails the plausibility requirement**

Carroll has failed to state a plausible age discrimination claim. In her complaint, Carroll alleges that the City violated the ADEA by failing to hire her, by terminating her employment, and by making "statements." Her complaint, though, fails the plausibility requirement for a failure-to-hire claim as she has not alleged facts showing the plausibility that, "but for" her age, she would have been hired. *See Gross*, 557 U.S. at 176. Nor does her complaint plausibly allege facts to support a claim of discriminatory termination or statements.

**1. Failure-to-hire claim**

Carroll's complaint barely discusses age, let alone alleges facts to render plausible the claim that she was not hired *because of* her age. In total, Carroll raises age only when she lists her birth year and when she alleges that the people hired instead of her were "young." But the unvarnished allegation that someone younger was hired does nothing to make it plausible that "but-for" Carroll's age, she would have been hired. *See, e.g.*, *Smith v. Wrigley Mfg. Co.*, 749 F. App'x 446, 447, 449 (6th

Cir. 2018) (affirming dismissal of a complaint); *House v. Rexam Bev. Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015) (same).

Carroll's complaint is not only bare bones, though; the bones themselves are rickety. Her allegation that age is the reason she was not hired conflicts with other parts of her complaint. Recall that Carroll alleges two distinct no-hire events: (1) when the City rescinded its offer for the position she filled through Robert Half and (2) when the City did not hire Carroll after she interviewed for a different position. Concerning the rescinded offer, Carroll alleges that Robert Half confidentially informed the Department about a "fee required to terminate [her] employment contract for hire." [R. 1, at 19.] According to Carroll's own statements, this fee, *not age*, resulted in the offer being rescinded: "My job as Permit Tech. was rescinded because Robert Half required a fee to release me from their contract." [*Id.* at 9.]

Second, regarding the interviewed-for-position, Carroll's exhibits betray a claim of discrimination. Despite her allegations that she received no follow-up communication or feedback, Carroll's attached exhibits show that she was emailed about a second interview and that her failure to appear is what led to her not being hired—not her age. [*Id.* at Exhibit E (email from Elmi about a second interview); *id.* at Exhibit F (screenshots of Carroll's text messages with colleague).] Her own words about the text exchange with her colleague are that the colleague "texted back to say the 'CBO was going to hire me [Carroll] but I never showed up for the second interview so he hired a young girl.'" [*Id.* at 9.] Consequently, Carroll has not met the plausibility requirement in her pleadings. *See, e.g.*, *Parker v. Hankook Tire Mfg.*

*Tenn., LP*, No. 23-5208, 2023 WL 10404971, at *1, 3 (6th Cir. Dec. 21, 2023) (affirming dismissal of ADEA and Title VII claims).

Still, Carroll resists the motion for judgment against her in both instances. Concerning the occurrence involving the rescinded offer, she argues that she has met the pleading standard (1) because the letter rescinding the offer never provided an explanation and (2) because the City did not have a contract with Robert Half. On the first point, Carroll fails to indicate that the City had a duty to explain its decision or how the lack of an explanation shows age discrimination. *See, e.g.*, *House*, 630 F. App'x at 463–64 (affirming dismissal). On the second, Carroll never explains how the lack of a contract between the City and Robert Half makes Carroll's age discrimination claim plausible. The complaint indicates that there was one contract—between Carroll and Robert Half—that required the City to pay a fee to employ her fulltime. Carroll states that the required fee was the reason the offer was rescinded, making any claim under the ADEA here implausible. So Carroll's allegations regarding the rescinded contract fail the plausibility standard.

Concerning the instance involving the interview, Carroll's opposition to the motion argues that the City failed to follow procedure. Specifically, she claims that Department's procedure required a follow-up email and then a rejection letter after her interview. These claims, though, are not in the pleadings. And even if they were, a lack of procedure does little to show that, but for her age, Carroll would have been hired. *See, e.g.*, *McClain v. Morrison Prods.*, No. 1:22-cv-2192, 2023 WL 2691719, at *1–2 (N.D. Ohio Mar. 29, 2023) (dismissing complaint). Therefore, rather than

provide facts plausibly showing that the City violated the ADEA in failing to hire her, Carroll's complaint does just the opposite.

**2. Termination claim**

Carroll also claims that the City violated the ADEA when it fired her. But she only checked the "termination-of-my-employment" box on the complaint form without ever alleging facts about an employment termination. In fact, rather than ever mentioning her firing, the complaint focuses on the City's failure to hire her. So the pleaded facts do not support Carroll's claim that the City violated the ADEA by firing her. *See, e.g.*, *Singh v. Procter & Gamble Co.*, No. 1:22-cv-457, 2023 WL 3230978, at *1 n.3 (S.D. Ohio May 3, 2023) (dismissing similar check-the-box claims); *Lewis-Smith v. Sumner Cnty. Gov't Bd. of Comm'rs*, No. 3:23-cv-1248, 2024 WL 1776454, at *1, 3 (M.D. Tenn. Apr. 1, 2024) (dismissing retaliation claims under Title VII, the ADEA, and the Americans with Disabilities Act since claimant only checked a box indicating that she had a retaliation complaint).

**3. "Statements" claim**

Finally, Carroll claims that the City violated the ADEA by making "statements." Yet she never expounds on what this means and never alleges that the City made statements pertaining to age. Her complaint simply has a checked "other" box when describing the nature of the alleged discrimination. And that explanation is a single word: "statements." But that conclusory allegation alone fails the pleading standard when tested by a motion for judgment on the pleadings. *See, e.g.*, *Singh*, 2023 WL 3230978, at *1 n.3 (dismissing claims asserted only by checking a box);

*Lewis-Smith*, 2024 WL 1776454, at *1, 3 (dismissing retaliation claims under Title VII, the ADEA, and the Americans with Disabilities Act since claimant only checked a box indicating that she had a retaliation complaint).

Carroll's one-word allegation suffers another flaw. To succeed under the ADEA, Carroll must allege an adverse decision by the employer. *Gross*, 557 U.S. at 176. So even if the City did make discriminatory statements, Carroll still has not met her burden in alleging a violation of the ADEA because she has not connected those statements to an adverse employment action. *See, e.g.*, *Woodson v. Holiday Inn Express*, No. 18-1468, 2018 WL 5008719, at *2 (6th Cir. Oct. 4, 2018) (affirming a judgment on the pleadings). Carroll has thus failed to allege facts plausibly showing that the City violated the ADEA by making statements.

**D. Carroll's claim against Elmi is improper and fails**

The ADEA's prohibitions apply to employers. 29 U.S.C. § 623(a). Under the statute, an "employer" means, among other things, a person "who has twenty or more employees." 29 U.S.C. § 630(b). An "employer" also includes "any agent of such a person." *Id.* Individual supervisors sued in their individual capacities are not "employers" under the ADEA. *Cf. Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (Title VII); *see also Liggins v. Ohio*, No. 99-3535, 2000 WL 178420, at *2 (6th Cir. Feb. 8, 2000) (ADEA); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (ADEA and Title VII).

Supervisors can be sued in their official capacity under the ADEA, but "[o]fficial-capacity claims are 'in all respects other than name, to be treated as a suit

against the entity.'" *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (non-ADEA discrimination claims); *see also McNeal v. City of Blue Ash*, 117 F.4th 887, 906 n.17 (6th Cir. 2024). Therefore, when the employing entity is already named as a defendant, suing its agents in their official capacities is redundant. *See Foster*, 573 F. App'x at 390.

Carroll sued both the Department and Elmi, an official of the Department. She does not specify whether she is suing Elmi in his individual or official capacity. But neither option works. Any claim against Elmi in his individual capacity is improper since he is not an "employer" under the ADEA. And any claim against Elmi in his official capacity is duplicative of the suit against the Department, meaning it does not meet the plausibility requirement for the same reasons discussed above. Either way, then, Carroll's suit against Elmi fails.

* * *

The City's Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED**.

Dated: October 1, 2026

*s/ Michael J. Hendershot*
**HONORABLE MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**